IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BASSIM ALKHAFAJY, | ) | |
| | ) | |
|    *Plaintiff*, | ) | |
| | ) | No. 3:08-0144 |
| v. | ) | Judge Nixon |
| | ) | Magistrate Judge Griffin |
| MICHAEL J. ASTRUE, | ) | |
| **Commissioner of Social Security** | ) | |
| **Administration,** | ) | |
| | ) | |
|    *Defendant*. | ) | |

## ORDER

Pending before the Court is Plaintiff Bassim Alkhafajy's ("Plaintiff" or "Alkhafajy") First Motion for Judgment on the Record ("Plaintiff's Motion") (Doc. No. 11). Magistrate Judge Griffin has issued a Report and Recommendation ("Report") (Doc. No. 17), to which Plaintiff has filed objections (Doc. No. 18). Upon review of the Magistrate Judge's Report and for the reasons stated below, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation and **DENIES** Plaintiff's Motion.

   **I.   BACKGROUND**

      *A.   Procedural Background*

Bassim Alkhafajy filed applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") on June 28, 2002, alleging that he became disabled and unable to work due to seizures, weakness in his feet, difficulty breathing, and diabetes beginning October 29, 2001. (Tr. 123.) Upon review, the state agency designee of the Social Security

Administration ("SSA") denied both applications. (Tr. 41.) On November 28, 2002, he requested reconsideration of his applications and alleged additional impairments of high blood pressure, impaired vision, shortness of breath, leg pain, and kidney stones. (Tr. 70, 137-40.) Upon reconsideration, his amended application was denied. (Tr. 43-45.) A hearing was held before Administrative Law Judge ("ALJ") Linda Gail Roberts on March 11, 2005. (Tr. 532A-54.) On May 11, 2005, the ALJ found against Alkhafajy. (Tr. 15-22.) After Plaintiff's initial claims were denied, he filed subsequent claims for DIB and SSI on July 15, 2005. (Tr. 64.) These claims were denied on November 16, 2005. *Id*. The Appeals Council found these actions to be duplicative and directed the ALJ to "associate the claim files" and issue a decision on the associated claims. *Id*.

On April 13, 2006, the Appeals Council granted the request for review and remanded the case to the ALJ. (Tr. 61-65.) The Appeals Council found that the ALJ had given controlling weight to the treating physician restricting the claimant to sedentary work, but the ALJ also found the claimant capable of light work with nonexertional limitations consistent with the assessment by a consultative examiner. (Tr. 63.) The Appeals Council remanded the case back to the ALJ for further evaluation and clarification of the claimant's residual functional capacity ("RFC"), provide rationale for its decision, and obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base if necessary. (Tr. 63-64).

The ALJ held a second hearing on August 17, 2006. (Tr. 555-86.) On February 2, 2007, the ALJ delivered a second unfavorable decision. (Tr. 17-26.) Specifically, the ALJ made the following findings of fact:

1. The claimant met the insured status requirements of Title II of the Social Security Act as of October 29, 2001, the alleged onset date, and continued to meet them through December 31, 2006, but not thereafter.
2. The claimant has not engaged in any substantial gainful activity since October 29, 2001.
3. The evidence establishes that the claimant has a severe combination of impairments that includes a seizure disorder, diabetes mellitus, degenerative changes of the thoracic spine, chronic obstructive pulmonary disease, and hypertension, but that he does not have an impairment or combination of impairments of the level of severity required by 20 C.F.R. Part 404, Subpart P, Appendix 1.
4. The evidence establishes that the claimant has not experienced any pain or other symptomatology of a disabling level of severity on an ongoing basis.
5. The evidence establishes that the claimant retains the residual functional capacity to perform light work, with occasional lifting of up to 20 pounds and frequent lifting of up to 10 pounds, 6 hours of walking/standing during an 8-hour workday, 8 hours of sitting during an 8-hour workday, infrequent or limited squatting, no climbing and working at heights, and no exposure to excessive respiratory irritants.
6. The claimant cannot perform his past relevant work.
7. The claimant is a younger individual.
8. The claimant has no more than a marginal education and limited English.
9. The claimant has performed unskilled work during his vocationally relevant past.
10. Section 404.1569 of Regulations No. 4 and section 416.969 of Regulations No. 16 and Rule 202.16 of Table No. 2, Appendix 2, Subpart P, Regulations No. 4 provide a framework for a finding that the claimant, considering his residual functional capacity,

age, education, and work experience, is "not disabled." The vocational expert confirmed that there are over 225,000 jobs as an assembler, inspector, production worker, and packer that the claimant could be expected to perform; a significant number of jobs.

11. The claimant has not been under a "disability," as defined in the Social Security Act, at any time since October 29, 2001, the alleged onset date of disability. 20 C.F.R. 404.1520(g), 416.920(g).

(Tr. 25-26.)

Plaintiff sought review by the Appeals Council (Tr. 11, 13), and the Appeals Council denied this request on December 12, 2007. (Tr. 5-7.) Thus, the ALJ's decision from February 2, 2007 became the final decision of the Commissioner. On February 11, 2008, Plaintiff filed this action to obtain judicial review of the Commissioner's final decision. (Doc. No. 1.) The Court has jurisdiction over this case pursuant to 42 U.S.C. § 405(g). On June 4, 2008, Plaintiff filed a motion for judgment (Doc. No. 11) and a brief in support of the motion. (Doc. No. 12.) On September 4, 2008, Defendant filed a response in opposition to Plaintiff's motion for judgment. (Doc. No. 15.) On September 15, 2008, Plaintiff filed a reply to Defendant's response. (Doc. No. 16.) On September 21, 2010, Magistrate Judge Griffin issued a Report and Recommendation ("Report") recommending that Plaintiff's Motion be denied. (Doc. No. 17.)

Plaintiff asserts two objections to the Magistrate Judge's findings. (Doc. No. 18.) Specifically, Plaintiff contends that:

1. Plaintiff is now disabled pursuant to Rule 202.09 of 20 C.F.R. Pt. 404, Subpt. P, App. 2 and the matter should be remanded back to the ALJ for a determination of when Plaintiff became disabled pursuant to this rule.

2. On remand, Plaintiff should be allowed to supplement the record with updated medical information so a determination can be made as to whether his RFC has been reduced to sedentary work, thus rendering him disabled pursuant to Rule 201.17 of 20 C.F.R. Pt. 404, Subpt. P, App. 2.

(Doc. No. 18.)

      *B.    Factual Background*

The Court herein adopts the statement of facts provided in the Report (Doc. No. 17).

## II. STANDARD OF REVIEW

The Court's review of the Report is *de novo*. 28 U.S.C. § 636(b). However, this review is limited to "a determination of whether substantial evidence exists in the record to support the [Commissioner's] decision and to a review for any legal errors." *Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). Title II of the Social Security Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence shall be conclusive." 42 U.S.C. § 405(g). Accordingly, if the Commissioner adopts the ALJ's decision, the reviewing court will uphold the decision if it is supported by substantial evidence. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). Substantial evidence is a term of art and is defined as "such relevant evidence as a reasonable mind would accept as adequate to support the conclusion." *Richardson v. Pereles*, 402 U.S. 389, 401 (1979). It is "more than a mere scintilla of evidence, but less than a preponderance." *Bell v. Comm'r*, 105 F.3d 244, 245 (6th Cir. 1996) (citing *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

A finding of substantial evidence holds significant weight on appeal. "Where substantial evidence supports the Secretary's determination, it is conclusive, even if substantial evidence also supports the opposite conclusion." *Her v. Comm'r*, 203 F.3d 388, 389 (6th Cir. 1999); *Crum v. Sullivan*, 921 F.2d 642, 644 (1990) (citing *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*)). This standard of review is consistent with the well-settled rule that the reviewing court in a disability hearing appeal is not to weigh the evidence or make credibility determinations, because these factual determinations are left to the ALJ and the Commissioner. *Hogg v. Sullivan*, 987 F.2d 328, 331 (6th Cir. 1993); *Besaw v. Sec'y of Health and Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992). Thus, even if the Court would have come to a different factual conclusion as to the Plaintiff's claim on the merits than that of the ALJ, the Commissioner's findings must be affirmed if they are supported by substantial evidence. *Hogg*, 987 F.2d at 331.

### III. PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT

*A. Plaintiff contends he is now disabled pursuant to Rule 202.09 and the matter should be remanded back to ALJ for a determination of when the plaintiff became disabled pursuant to this rule.*

Plaintiff objects to the Report on the grounds that he is now disabled pursuant to Rule 202.09. (Doc. No. 18, at 1.) Rule 202.09 states that an individual should be found to be disabled if he is closely approaching advanced age, illiterate or unable to communicate in English, has a RFC limited to light work, and his past work experience is determined to be unskilled or none. Plaintiff states that his date of birth is July 1, 1960 and he has attained the age of fifty during the pendency of this matter, making him an "individual of advanced age" as defined by Rule 202.09. *Id.* at 2. Plaintiff contends that upon his fiftieth birthday, July 1, 2010, and based on the findings of the ALJ regarding his RFC, past work experience, and ability to communicate in English,

which were adopted by the Magistrate, he is now disabled. *Id.* Plaintiff further contends that an earlier onset date of disability prior to his fiftieth birthday should be found pursuant to 20 C.F.R. Section 426.963(b), which states that the age categories are not to be "mechanically applied" in borderline situations when the Plaintiff is within a few days to a few months of reaching an older age category. *Id.*

This Court's review is limited to "a determination of whether substantial evidence exists in the record to support the [Commissioner's] decision and to a review for any legal errors." *Landsaw*, 803 F.2d at 213. Further, the Court is confined to considering evidence that was available to the ALJ; evidence of a change in condition occurring after the administrative hearing is immaterial. *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 685 (6th Cir. 1992).

Plaintiff's applications for DIB and SSI allege an onset date of October 29, 2001. (Tr. 123.) Thus, the ALJ's decision in this matter applies to a request for disability beginning on October 29, 2001, and ending at the date of the hearing before the ALJ on August 17, 2006. The fact that Plaintiff has aged since that date is immaterial to the validity of the Commissioner's decision and beyond the scope of review of this Court. Because the claim for disability under Rule 202.09 was not a claim within the application about which the Commissioner made his decision, it is beyond the scope of review of this court. *See Toro v. Chater*, 937 F. Supp. 1083, 1094 (S.D.N.Y. 1996) (holding that finding a plaintiff to be disabled because she attained the age of fifty subsequent to the ALJ's decision was "completely beyond [the court's] authority," and there was "no basis on which to make any determination regarding plaintiff's physical condition . . . after the completion of the record on which the instant determination must be based").

This Court may remand a case to the agency for further review of evidence "upon a showing that there is new evidence which is material and that there is good cause for failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. 405(g). Even if Plaintiff's objection is construed as a request to put on new evidence, his argument fails. The fact that Plaintiff has attained the age of fifty and may now be disabled due to his age and illiteracy is immaterial to the Plaintiff's claim that he was disabled as of October 29, 2001, due to physical ailments.

Plaintiff further contends that he should be found disabled prior to his fiftieth birthday because 20 C.F.R. 416.936(b) states that the age categories are not to be applied mechanically in borderline situations. However, Plaintiff does not present a borderline situation. As of the hearing before the ALJ on August 17, 2006, Plaintiff was not within "a few days to a few months of reaching an older age category" and thus cannot be considered a borderline situation as defined by 20 C.F.R. 416.936(b). At the time of the hearing he was only forty-six and not within a few days to a few months of turning fifty as required by the statute. The alleged disability as of Plaintiff's fiftieth birthday is a new claim and the proper action is for Plaintiff to file this new claim with the SSA.

> *B. Plaintiff contends that on remand, he should be allowed to supplement the record with updated medical information so a determination can be made as to whether his RFC has been reduced to sedentary work, thus rendering him disabled pursuant to Rule 201.17.*

Plaintiff further contends that on remand he should be allowed to supplement the record with updated medical information. (Doc. No. 18, at 3.) Plaintiff asserts that the updated medical information will aid in determining whether his RFC has been reduced and thus rendered him disabled pursuant to Rule 201.17 of 20 C.F.R. Pt. 404, Subpt. P, App. 2 as of a date *subsequent*

*to* the ALJ's decision but prior to Plaintiff's fiftieth birthday. (Doc. No. 18, at 3.) Rule 201.17 provides that an individual between the ages of forty-five and forty-nine who is found to be illiterate or unable to communicate in English, and whose previous work experience is determined to be unskilled or none is disabled.

Under § 405(g), this Court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." Further, evidence of a change in condition occurring after the administrative hearing is immaterial. *Wyatt*, 974 F.2d at 685.

Plaintiff contends that the new evidence he proposes will aid in determining whether his RFC has been reduced to sedentary work as of a date subsequent to the ALJ's decision. This evidence fails to meet the requirements of § 405(g) because it is immaterial to the claim that was ruled on by the Commissioner: Plaintiff wishes to supplement the record with evidence that would render him disabled after the ALJ's decision. As such, this Court will not remand this case back to the agency per § 405(g).

## IV. Conclusion

Accordingly, the Court **ADOPTS** the Magistrate's Report and Recommendation, **DENIES** the Plaintiff's motion, and **AFFIRMS** the decision of the Commissioner. However, Plaintiff is advised that this decision should not preclude him from filing a new claim with the SSA asserting an onset date of his disability subsequent to the date of the ALJ's decision.

It is so ORDERED.

Entered this the ___10th___ day of February, 2011.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT